IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| QUORUM HEALTH CORPORATION, | : | Bankruptcy Case No. 20-10766 (KBO) |
| | : | BAP 21-00077 |
| Debtor. | : | |
| _____ | : | |
| RAJEEV VARMA, M.D., | : | |
| Appellant, | : | |
| v. | : | C.A. No. 21-1601-LPS |
| | : | Bankr. BAP No. 21-77 |
| QUORUM HEALTH CORPORATION, | : | |
| Appellee. | : | |
| _____ | : | |
| RAJEEV VARMA, M.D., | : | |
| Appellant, | : | |
| v. | : | C.A. No. 21-1604-LPS |
| | : | Bankr. BAP No. 21-80 |
| QUORUM HEALTH CORPORATION, | : | |
| Appellee. | : | |
| _____ | : | |

**RECOMMENDATION**

At Wilmington this **16th** day of **March, 2022**.

WHEREAS, pursuant to paragraph 2(a) of the Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District dated September 11, 2012, the court conducted an initial review, which included information from

counsel, to determine the appropriateness of mediation in this matter;

WHEREAS, as a result of the above screening process, the issues involved in this case are not amenable to mediation and mediation at this stage would not be a productive exercise, a worthwhile use of judicial resources nor warrant the expense of the process.

Appellant is Rajeev Varma, a pro se tort-claim creditor.  The Appellees include Quorum Health Corporation, the corporate Debtor, and the Senior Noteholder, both who are represented by counsel.  Because appellant is pro se, rather than the usual letter submission, this judge held a teleconference on March 7, 2022 related to the screening process for mandatory mediation in 21-1601 and 20-1604 both assigned to Judge Stark.

The history of litigation to date is as follows.  The Appeal in this matter was filed on 11/12/21 (See D.I. 1) from an order entered sui sponte by Judge Shannon of the Bankruptcy Court on 10/01/2022.  These cases were assigned to Judge Stark on 11/17/2021.  On 11/19/2021, Judge Stark entered an Order requiring Appellant to pay the filing fee or submit a complete IFP long form application . See D.I. 3.  The Order further provided that the failure to submit items within 30 days may result in dismissal of this Appeal without prejudice.  The compliance deadline was 12/20/2021.

On 1/6/2022, Judge Stark entered on Order related to Appellant's contact with the Court by telephone and by mail and denied Appellant's request to file by email and/or to have access to CM/ECF.  See D.I. 4.  On 1/10/2022, Appellant filed a motion to file electronically in this Court as a pro se litigant.  See D.I. 5.  On 2/16/2022, an Oral Order was entered by Judge Stark ordering these matters to mandatory mediation

pursuant to the Court's Standing Order dated September 11, 2012, and the motions to file electronically were denied for the reasons as set forth in the January 6. 2022 orders. See D.I. 6. This Order resulted in an Oral Order being issued by this judge on 2/17/2022. See D.I. 7. As noted previously herein, this Oral Order lead to the teleconference on 3/7/2022 in both matters.

Appellant expressed an interest only in non-binding mediation. Counsel for Appellees advised that neither felt mediation would be a productive exercise nor lead to resolution in the these matters, despite some overlap in other matters filed by Appellant. Appellant reiterated that he would only consent to non-binding mediation.

No briefing schedule was proposed by the parties, and none was proposed by this judge.

THEREFORE, IT IS RECOMMENDED that, pursuant to paragraph 2(a) Procedures to Govern Mediation of Appeals from the United States Bankruptcy Court for this District and 28 U.S.C. § 636(b), these matters be withdrawn from the mandatory referral for mediation and proceed through the appellate process of this Court. Although the parties were advised of their right to file objections to this Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), F ED. R. C IV. P. 72(a) and D. D EL. LR 72.1, since none of the parties were interested in mandatory mediation, and Appellant would only consider non-binding mediation, no objections are anticipated to this Recommendation.

Local counsel are obligated to inform out-of-state counsel of this Order.

/s/ Mary Pat Thynge

Chief U.S. Magistrate Judge Mary Pat Thynge